P/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ALTY ADAMSON,

          Plaintiff,

    -against-

MACY'S INC., SECURITY GUARD JOHN DOE
# 1, SECURITY GUARD JOHN DOE # 2, and
SECURITY GUARD JOHN DOE # 3,

          Defendants.
-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ JUN 20 2011 ★
BROOKLYN OFFICE

**MEMORANDUM & ORDER**

**11-CV-1922 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Alty Adamson, pro se, brings this action in forma pauperis pursuant to 42 U.S.C. § 1983 against Defendants Macy's Inc. ("Macy's") and three unnamed Macy's security guards. (Compl. (Docket Entry # 1).) Plaintiff alleges that Defendants violated his constitutional rights when they detained him for shoplifting in a Macy's department store. (Id.) The Complaint is dismissed for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    BACKGROUND**

Plaintiff's statement of his claim, in its entirety, reads as follows:

> On October 15th, 2008 at approximately 11:30 a.m., I was/plaintiff was approached by three undercover security guards, John Doe # 1, John Doe # 2, and John Doe # 3 of the Macy Store in Staten Island N.Y. I was forcefully taken back into the Macy's store from the General Mall area, without being told why I was being detained upon entering the security office. I was threatened with physical force if I did not cooperate with being searched. I was thereafter told that I was under arrest for shoplifting. The police were called and I was taken to the 120th Precinct on October 17th and thereafter released from Custody. (Enclosed herein attached additional paper.)

1

> After review of the store surveillance tape, the District Attorney office refused to prosecute Plaintiff case due to the lack of any crime being committed and dismissed the case therefore.

(Compl. at 4-5.) In support of this statement, Plaintiff attaches a letter from the Richmond County District Attorney's Office, dated January 29, 2009. (Id. at 6.) This letter states that the District Attorney's Office "declined to prosecute the case against Alty Adamson[,] Arrest S08601251 date of 10/15/08[.] Due to the fact that the case never went before the judge, this case is considered dismissed and Alty Adamson has no record resulting from this incident." (Id.) As a result of this alleged violation of his rights, Plaintiff seeks compensatory and punitive damages of $500,000,000. (Id. at 7.)

Plaintiff is currently incarcerated at Rikers Island. (See Compl. at 7.) Pursuant to 28 U.S.C. § 1915, Plaintiff's request to proceed in forma pauperis is granted solely for the purpose of this Order.

## II. STANDARD OF REVIEW

An in forma pauperis action shall be dismissed where a plaintiff's "allegation of poverty is untrue" or where the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Where a plaintiff proceeds pro se, the court must construe the pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Application of a liberal pro se pleading standard is particularly important in cases such as this one, in which the plaintiff alleges a violation of his or her civil rights. See Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d at 191 (citing McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)).

2

## III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Where a plaintiff brings a § 1983 claim, two essential elements are required: (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

Plaintiff fails to state a cause of action because the first element is not satisfied here. Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982) (affirming dismissal of § 1983 claim because defendants were not state actors); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978) (stating § 1983 reaches only deprivations of rights by persons acting under color of law); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972) (distinguishing private conduct from state action). Both Macy's—a private corporation—and its security guards are private, not state actors.

Even where a defendant is a private actor, however, a court may find state action exists for § 1983 purposes "where the private actor operates as a willful participant in joint activity with the State or its agents." Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 313 (2d Cir. 2003) (internal quotation marks omitted). In order to make such a showing, "the plaintiff must show that there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Prowisor v. Bon-Ton, Inc., 232 F. App'x 26, 28 (2d Cir. 2007) (citing Tancredi; additional citations and internal quotations omitted). Plaintiff has made no such allegation here. In fact, the only interaction between Defendants and state actors alleged in the Complaint is that security guards alerted police and

3

detained Plaintiff until police arrived. (Compl. at 4-5.) This allegation is insufficient to establish a "close nexus" between Defendants and the state that could show joint participation in state action. See, e.g., Bishop v. Toys "R" Us—N.Y., LLC, No 04 Civ. 9403, 2009 WL 440434 (PKC), at *11 (S.D.N.Y. Feb 19, 2009) (stating that actions of store security guards do not generally constitute state action and collecting cases); Valez v. City of N.Y., No. 08 Civ. 3875, 2008 WL 5329974 (DLC), at *3 (S.D.N.Y. Dec. 16, 2008) ("[F]urnishing information to the police does not by itself make someone a joint participant in state action under Section 1983."); Fletcher v. Wal-Mart Stores, Inc., No. 05 Civ. 1859 (WHP), 2006 WL 2521187, at *3 (S.D.N.Y. Aug. 28, 2006) ("A mere general understanding that security guards can call the police for assistance is insufficient to establish state action."); Vazquez v. Combs, No. 04 Civ. 4189, 2004 WL 2404224 (GEL), at *4 (S.D.N.Y. Oct. 22, 2004) ("[M]erely filing a complaint with the police, reporting a crime, requesting criminal investigation of a person, or seeking a restraining order, even if the complaint or report is deliberately false, does not give rise to a claim against the complainant for a civil rights violation.").

Consequently, Plaintiff alleges no facts from which the court could find that Macy's or its security guards were "acting under the color of state law." See Prowisor, 232 F. App'x at 28 (affirming that store's private security guard, who detained a shoplifter until police arrived, was not acting under the color of state law). Because Plaintiff fails to plausibly allege that Defendants were "acting under the color of state law," the Complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Although the court ordinarily affords pro se plaintiffs an opportunity to amend their pleadings, Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000), it need not do so here. It is clear

4

from the face of the Complaint that the facts underlying Plaintiff's allegations do not state a claim on which relief may be granted.

IV. **CONCLUSION**

Plaintiff's Complaint is dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

            s/Nicholas G. Garaufis
            NICHOLAS G. GARAUFIS
            United States District Judge

Dated: Brooklyn, New York
     June 19, 2011